IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM LANIER ELLIS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07-CV-920-MHT |
| ) | [WO] |
| ) | |
| RUSSELL COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which William Lanier Ellis, Sr. ["Ellis"], a county inmate, challenges the constitutionality of the medical treatment provided to him at the Russell County Jail.

Upon review of the complaint, the court concludes that summary dismissal of the plaintiff's claims against the Russell County Jail is appropriate pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

A county jail is not a legal entity subject to suit or liability under section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court

---

[1] Ellis has been granted leave to proceed *in forma pauperis* in this civil action. A complaint filed by a prisoner allowed to proceed *in forma pauperis* is subject to screening in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss any claim in the prisoner's civil action prior to service of process if it determines that the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

concludes that the plaintiff's claims lodged against the Russell County Jail are due to be dismissed. *Id.*

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Russell County Jail be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Russell County Jail be dismissed as a defendant in this cause of action.

3. This case, with respect to the plaintiff's claims against the remaining defendants, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before October 29, 2007, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 16th day of October, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE