IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM LANIER ELLIS, SR., | ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 3:07-CV-920-MHT |
| RUSSELL COUNTY JAIL, et al., | ) ) ) |
| Defendants. | ) |

**ORDER ON MOTION**

Upon consideration of the motion to amend filed by the plaintiff on October 24, 2007 (Court Doc. No. 9), in which the plaintiff seeks to amend the relief sought in this cause of action and to correct a reference in the order of procedure to indicate that his claims relate to treatment at the Russell County Jail, and for good cause, it is

ORDERED that this motion be and is hereby GRANTED. The Clerk is DIRECTED to substitute the attached page number 3 for page number 3 of the order entered on October 16, 2007 (Court Doc. No. 5).

Done this 25th day of October, 2007.

     /s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

*addressing the claims presented by the plaintiff, the defendant shall furnish copies of all documents, records and regulations relevant to the plaintiff's claims for relief.*

    5. *If the defendants assert failure of exhaustion as an affirmative defense, they must specifically identify the grievance procedure available to the plaintiff and/or the manner in which the plaintiff failed to exhaust a grievance procedure. If the plaintiff failed to undertake the available grievance procedure during his confinement in the Russell County Jail and such procedure is no longer available to him, the defendants shall so advise the court.* Jones v. Bock, ___ U.S. ___, 127 S.Ct. 910, 921 (2006) (Failure of exhaustion is an affirmative defense which must be raised by the defendants); Woodford v. Ngo, ___ U.S. ___, 126 S.Ct. 2378, 2387 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion."). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." Id. at 2386.

    6. An answer be filed by the defendants within forty (40) days of the date of this